NOT DESIGNATED FOR PUBLICATION

No. 126,872

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATRICK NOLAN SCHWARTZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Kingman District Court; FRANCIS E. MEISENHEIMER, judge. Oral argument held January 7, 2025. Opinion filed February 14, 2025. Affirmed.

*John E. Stang*, of Hulnick, Stang, Gering & Leavitt, P.A., of Wichita, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, Tyler *W. Winslow*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and COBLE, JJ.

PER CURIAM: After a bench trial on stipulated facts, the Kingman County District Court found Patrick Nolan Schwartz guilty of driving under the influence of alcohol. Before trial, Schwartz moved to suppress evidence from the stop, arguing that the officers lacked reasonable suspicion to stop him. The district court denied that motion, both before trial and again when the motion was renewed at trial. Schwartz now appeals, claiming the district court erred by denying the motion to suppress. Having thoroughly reviewed the record, we find no error.

1

*Factual and Procedural Background*

Around noon on February 6, 2022, Sergeant Crystal Woodson and Deputy Jason White from the Kingman County Sheriff's Department responded to Schwartz' residence for a medical emergency. Three people were there, but not Schwartz.

The emergency call lasted about 15 minutes. While emergency personnel were responding to the call, with their ambulance parked in front of Schwartz' residence, Woodson stepped outside. He saw Schwartz approach in his pickup truck and then drive by his home. Woodson recognized Schwartz and his truck from prior interactions. Woodson saw no improper driving or any sign that Schwartz may be impaired.

After Woodson returned to the house, Schwartz called one of its occupants who, apparently unbeknownst to Schwartz, put his call on speakerphone. Officers thus heard the conversation between Schwartz and the occupant. Schwartz asked what was going on at the house and stated he was not going to stop because he had been drinking. Woodson recognized Schwartz' voice as the caller.

When the medical emergency response ended soon thereafter, the officers left to look for Schwartz because they believed he was driving under the influence of alcohol. The officers found him nearby, parked in a wheat field about a quarter of a mile away from the road. He was in the driver's seat of his truck, on private property that he had authority to be on. Officers arrested him for driving under the influence (DUI) and a blood draw showed he had 0.29 grams of alcohol per 100 milliliters of blood, which is more than the legal limit of 0.08. See K.S.A. 8-1567(a)(1).

The State charged Schwartz with felony DUI because this was his third offense in 10 years. See K.S.A. 8-1567(b)(1)(D). Before trial, Schwartz moved to suppress the blood alcohol content results, arguing that officers lacked reasonable suspicion to seize

him in the wheat field. He asserted, among other arguments, that the limited information they had overheard on the phone call was not enough to establish reasonable suspicion, as necessary to justify their investigative contact with him.

The district court held an evidentiary hearing on the motion, but no record of this hearing is included in the record on appeal. Schwartz argued that merely drinking and driving is insufficient to establish reasonable suspicion of DUI. See *City of Hutchinson v. Davenport*, 30 Kan. App. 2d 1097, 1101, 54 P.3d 532 (2002) (finding odor of consumed alcohol alone is insufficient to establish reasonable suspicion of DUI).

The district court denied the motion to suppress, finding that two factors in addition to Schwartz' statement he had been drinking established a reasonable suspicion of DUI:

> "First, [Schwartz], in his phone call, acknowledged (or at minimum implied) he did not want to have contact with the law enforcement officers because of his drinking. That fact is magnified by the circumstance of the medical call, i.e., the presence of two Sheriff's Department vehicles and an ambulance at his residence which had responded to the medical emergency call.
>     "Secondly, [Schwartz] had then driven to a nearby wheat field and parked in that wheat field at least 1/4 mile off of the roadway for no apparent reason. There was no evidence presented to suggest any usual or normal activity going on in the wheat field, at that time. Common sense dictates that [Schwartz] was attempting to avoid law enforcement."

In June 2023, Schwartz tried his case to the court based on stipulated facts. Schwartz renewed his objection to the blood alcohol content evidence derived from the stop and the district court judge again overruled it. The district court judge found Schwartz guilty of driving under the influence and sentenced him to 12 months' probation.

Schwartz timely appeals.

*Did the District Court Err by Denying the Motion to Suppress?*

When a defendant moves to suppress evidence, the State must prove to the district court that the search and seizure was lawful using a preponderance of the evidence standard. *State v. Porting*, 281 Kan. 320, 324, 130 P.3d 1173 (2006). When reviewing a district court's ruling on a motion to suppress, we review the factual underpinnings of the decision for substantial competent evidence and the court's ultimate legal conclusion de novo. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). When the material facts supporting a district court's decision on a motion to suppress evidence are not in dispute, as here, the ultimate question whether to suppress is a question of law over which an appellate court has unlimited review. *State v. Hanke*, 307 Kan. 823, 827, 415 P.3d 966 (2018).

The Fourth Amendment to the United States Constitution and section 15 of the Kansas Constitution Bill of Rights prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Kan. Const. Bill of Rights, § 15. The United States Supreme Court has interpreted this prohibition to require law enforcement officers who seize or search an individual to have either a warrant or rely on one of the recognized exceptions to the warrant requirement. *State v. Sanders*, 310 Kan. 279, 285, 445 P.3d 1144 (2019) (citing *Riley v. California*, 573 U.S. 373, 382, 134 S. Ct. 2473, 189 L. Ed. 2d 430 [2014]).

One of these warrant requirement exceptions is that a police officer may "stop and briefly detain an individual without a warrant when the officer has an articulable and reasonable suspicion, based in fact, that the detained person is committing, has committed, or is about to commit a crime." *Sanders*, 310 Kan. at 286; see K.S.A. 22-2402(1); see also *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). "Reasonable suspicion is a lower standard than probable cause, and '[w]hat is reasonable

4

depends on the totality of circumstances in the view of a trained law enforcement officer.'" *State v. Sharp*, 305 Kan. 1076, 1081, 390 P.3d 542 (2017); *State v. Martinez*, 296 Kan. 482, 487, 293 P.3d 718 (2013). The totality of the circumstances includes consideration of the quantity and quality of the evidence. In other words, the court must consider the whole picture. *State v. Pollman*, 286 Kan. 881, 890, 190 P.3d 234 (2008); *State v. Toothman*, 267 Kan. 412, Syl. ¶ 5, 985 P.2d 701 (1999).

The United States Supreme Court has explained that the prosecution does not meet its burden by simply proving that the officer believed the circumstances *could* have formed a reasonable suspicion. Rather, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 392 U.S. at 21. "Something more than an unparticularized suspicion or hunch must be articulated." *State v. DeMarco*, 263 Kan. 727, 735, 952 P.2d 1276 (1998). Multiple acts which may otherwise have innocent explanations may compound to create reasonable suspicion for a stop. See *State v. Lowery*, 308 Kan. 359, 366, 420 P.3d 456 (2018) ("The totality of the circumstances standard does not envision a reviewing court pigeonholing each factor as to innocent or suspicious appearances. Instead, the court determines whether all the circumstances justify the detention."); see also *United States v. Arvizu*, 534 U.S. 266, 277, 122 S. Ct. 744, 151 L. Ed. 2d 740 (2002) ("A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct.").

The case is unusual because officers did not observe Schwartz committing any traffic violations, unlike in most DUI cases. But as the district court outlined, the officers relied on three specific facts to form a reasonable suspicion of DUI. First, Schwartz drove by his home without stopping even though it was apparent that a medical emergency was occurring. Patrol cars were outside. An ambulance was there. Schwartz drove by his own home, saw these events, and called to ask what was happening. Under those circumstances, a reasonable person would have stopped at their own house—if not to

5

ensure the safety of those in his house at least out of mere curiosity to see what was happening to one of its occupants. True, as Schwartz argues, he may have an innocent explanation for driving past his home. But we must consider the totality of the circumstances established by the stipulated facts. See *Lowery*, 308 Kan. at 366.

Second, the officers heard Schwartz tell one of his home's occupants that he was not going to stop because he had been drinking. This refutes Schwartz' assertion that he may have had an innocent explanation for driving past his home. Schwartz did not want to stop because the officers would know he had been drinking. Schwartz knew the amount of alcohol he had consumed and wished to avoid contact with officers because of it. It is reasonable to infer from Schwartz' statement that he wanted to avoid the police officers because they would discover that he was intoxicated.

Third, when the officers pursued Schwartz and found him, he had driven his truck a quarter of a mile into a wheat field and turned the vehicle off. It is reasonable to believe that in so doing, Schwartz was trying to evade detection by the officers. This is evasive behavior and evasive behavior is a factor in the reasonable suspicion analysis. See *Illinois v. Wardlow*, 528 U.S. 119, 124, 120 S. Ct. 673, 145 L. Ed. 2d 570 (2000); *Sanders*, 310 Kan. at 289.

We agree with the district court that viewed together, this information gave the officers reasonable suspicion that Schwartz was committing the crime of DUI. In a DUI case, reasonable suspicion is established when law enforcement officers have specific and articulable facts that a driver has been consuming alcohol and that this consumption impacts their ability to safely drive. See, e.g., *Pollman*, 286 Kan. at 894-96 (finding reasonable suspicion to extend traffic stop when Pollman was noncompliant with officers' directions, emitted odor of alcohol, and admitted to having a "few beers"). Here, as in *State v. Bates*, 316 Kan. 174, 190, 513 P.3d 483 (2022):

6

"[E]ach of the factors we have identified is no doubt alone susceptible of innocent explanation, none provide probable cause to believe a crime occurred, and some factors are more probative than others. Taken together and 'remembering that reasonable suspicion represents a "minimum level of objective justification,"' they suffice to form a particularized and objective basis for a reasonable suspicion that Bates was about to commit a crime. [Citation omitted.]" 316 Kan. at 190.

In *Bates*, officers responded to a 911 call after a late-night unwelcomed doorbell ring in an area that had a recent pattern of burglaries. One officer arrived on the scene and saw a minivan, but it drove away as the officer approached and shined his light in its direction. Another officer saw the van pull into an alley with its headlights off. Based on these factors, the Kansas Supreme Court held that the officers had reasonable suspicion that the minivan occupant was about to commit a crime, so the seizure of the minivan was reasonable. 316 Kan. at 190.

Reasonable suspicion does not require absolute certainty that the suspect is engaged in criminal activity. Thus, an officer need not have absolute certainty that a driver is impaired before an investigation for DUI can begin. See *Kansas v. Glover*, 589 U.S. 376, 380-82, 140 S. Ct. 1183, 206 L. Ed. 2d 412 (2020) (holding reasonable suspicion does not demand absolute certainty and officer may rely on common sense). See *Arvizu*, 534 U.S. at 277.

Still, Schwartz relies on two cases to argue that the officers here lacked reasonable suspicion: S*tate v. Mosier*, No. 123,715, 2021 WL 3573842 (Kan. App. 2021) (unpublished opinion), and *Davenport*, 30 Kan. App. 2d 1097. Schwartz relies on *Mosier* to argue that reasonable suspicion must be more than a hunch, guess, or assumption. We agree. See *DeMarco*, 263 Kan. at 735. He also seems to tacitly argue that reasonable suspicion was lacking because the officer who witnessed him drive past his house did not see any signs of impaired driving. But based on Schwartz' own statements and the totality of the circumstances detailed above, the officers, even without observing a traffic

7

violation, had more than a mere hunch that Schwartz was driving under the influence of alcohol.

Schwartz also relies on *Davenport*, where the panel held: "Alcohol on one's breath alone does not provide a reasonable suspicion to support a stop." 30 Kan. App. 2d at 1101. Specifically, the court held:

> "Although an officer smelled alcohol on a defendant's breath and defendant told the officer that his mode of transportation was walking, the smell of alcohol on defendant's breath, without more, did not establish a reasonable suspicion that justified the officer later stopping defendant when he saw defendant driving a car absent some indication that defendant was intoxicated or too impaired to drive." 30 Kan. App. 2d 1097, Syl. ¶ 3.

*Davenport* is distinguishable, however. Davenport made no effort to avoid the officers. In fact, he was at the police station interacting with them. But here, Schwartz drove by but decided not to stop at his own home when a medical emergency was in progress, learned that officers were at his home, kept driving because he had been drinking, and then tried to conceal his truck from officers in a field.

The stipulated facts, viewed in totality, and together with the reasonable inferences arising from them, are sufficient to create reasonable suspicion that Schwartz was driving under the influence of alcohol. Accordingly, the district court properly denied his motion to suppress.

Affirmed.